UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**BOSTON LASER, INC.**

         **Plaintiff,**

-against-                 07-CV-791

**QINXIN ZU and QPC LASERS, INC.**

         **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

**I. INTRODUCTION**

  Plaintiff Boston Laser, Inc. ("BLI") commenced this action in the New York State Supreme Court, Broome County, contending, *inter alia*, that Defendant Zu breached an employee confidentiality and non-competition agreement ("the Agreement") he entered with BLI by going to work for QPC Lasers, Inc. ("QPC").  After Defendants removed the action to this Court, BLI moved for a preliminary injunction seeking to prevent Zu from working for QPC for a period of one year, and to prevent QPC from using any proprietary information obtained from Zu.  Dkt. # 6.  Defendants opposed the motion.  Dkt. # 11 - #13.

  After concluding that New York law would apply to the dispute and that a factual hearing was required to resolve the preliminary injunction motion, the Court referred the matter to the Hon. David E. Peebles, United States Magistrate Judge, for a Report and

1

Recommendation. See 8/29/07 Dec. & Order, dkt. # 21.  Magistrate Judge Peebles held a factual hearing on September 11, 2007, see Record of Proceeding, dkt. # 25, and, on September 21, 2007, issued a thirty-seven (37) page Report and Recommendation. See Rep. & Rec., dkt. # 26.  Magistrate Judge Peebles recommended that Plaintiff's motion for a preliminary injunction be denied. Id.   Plaintiff filed objections to the recommendation on October 4, 2007. See Obj., dkt. # 27.

## II.  DISCUSSION

When objections to a magistrate judge's Report and Recommendation are lodged, the Court reviews the record *de novo*.  See 28 U.S.C. § 636(b)(1).  After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].  The [Court] may also receive further evidence or recommit the matter to the magistrate [judge] with instructions." Id.

Having reviewed the record *de novo* and having considered the issues raised in the objections, this Court has determined to accept and adopt the recommendation of Magistrate Judge Peebles for the reasons stated in his thorough Report and Recommendation.  While the objections point out that Magistrate Judge Peebles concluded that BLI and QPC were competitors and that the Agreement prevented Lu from working for one of BLI's competitors for one year after leaving BLI, Magistrate Judge Peebles also concluded that, under New York law and the circumstances of the case, Plaintiff failed to establish by the proper quantum of proof that the restrictive covenant in issue would be enforceable. See 9/21/07 Rep. & Rec. at p. 18-24.  Thus, Magistrate Judge Peebles concluded that Plaintiff failed to establish a "clear" or "substantial" showing of a likelihood of success on the merits, as required on this motion. See New York

Magazine v. Metropolitan Transp. Auth., 136 F.3d 123, 127 (2d Cir. 1998)(On a mandatory injunction which seeks to alter the status quo or provide the movant with substantially all of the relief it seeks, the moving party must make a "clear" or "substantial" showing of a likelihood of success on the merits.); Tom Doherty Assoc., Inc. v. Saban Entertainment, Inc., 60 F.3d 27, 34 (2d Cir. 1995)("[A] mandatory injunction should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief.")(internal quotation marks and citation omitted). The Court agrees with Magistrate Judge Peebles's assessment of the "likelihood of success" prong of Plaintiff's preliminary injunction motion.

Magistrate Judge Peebles also concluded that Plaintiff failed to establish by the proper quantum of proof that confidential, proprietary trade secret information might be divulged by Zu to QPC. Id. pp. 24-35. Therefore, despite the existence of a provision in the Agreement "within which Zu acknowledges that in the event of a breach BLI will be entitled to an injunction," id. p. 33, Magistrate Judge Peebles concluded that Plaintiff failed to establish that it will suffer irreparable harm if the preliminary injunction does not issue. See id. p. 34 ("Such a contract provision, however, is not alone dispositive of the issue of irreparable harm, and does not insulate a plaintiff seeking a preliminary injunction from the need to prove that it will suffer imminent irreparable injury as a result of the employee's conduct.")(citations omitted). Again, the Court agrees with Magistrate Judge Peebles.

**V. CONCLUSION**

For the reasons discussed above and as set forth by Magistrate Judge Peebles's September 21, 2007 Report and Recommendation, Plaintiff's motion for a preliminary

injunction is DENIED.

**IT IS SO ORDERED**

DATED:October 9, 2007

Thomas J. McAvoy
Senior, U.S. District Judge